IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ALLISA D. GAY, Executrix of the Estate of CARL E. GAY, Deceased,

Plaintiff,

v.

ELECTRIC BOAT CORPORATION, and GENERAL DYNAMICS CORPORATION,

Defendants.

CIVIL ACTION No.

**JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

## I

## INTRODUCTION

1. Plaintiff's Decedent, Carl E. Gay, originally commenced an action against Defendants Electric Boat Corporation and General Dynamics Corporation, among others, by filing a Complaint in Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania on September 10, 2019, at GD No. 19-012689.

2. That case was then removed to the United States District Court for the Western District of Pennsylvania, Civil Action No. 2:19-cv-01311. (ECF No. 1).

3. Defendant Electric Boat Corporation was dismissed without prejudice for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), from Civil Action No. 2:19-cv-01311, by Order of Court on November 19, 2019. (ECF No. 434).

4. Defendant General Dynamics Corporation was dismissed without prejudice for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), from Civil Action No. 2:19-cv-01311, by Memorandum and Order of Court on January 29, 2020. (ECF No. 459).

5. Allissa D. Gay, Executrix of the Estate of Carl Gay, hereby brings this action against General Dynamics and Electric Boat Corporation.

**II**

**JURISDICTION**

6. This court has jurisdiction over this action by virtue of 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant corporations are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**III**

**VENUE**

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's causes of action arose in this district and because the incidents giving rise to Plaintiff's claims transpired in this district.

**IV**

**THE PARTIES**

8. Plaintiff Allisa D. Gay, Executrix of the Estate of Carl E. Gay:

a. Plaintiff Allisa D. Gay is suing in her capacity as Executrix of the estate of her father, Carl E. Gay for injuries suffered as a result of Defendants' actions.

b. Allisa D. Gay has been appointed Executrix of the Estate of Carl E. Gay, as evidenced by the Letters Testamentary granted by Michael McGeever, Director of the

Department of Court Records of Allegheny County, Pennsylvania, at File No. 022003749 on August 11, 2020.

9. The following are Defendants in this action:

a. The Defendant, ELECTRIC BOAT CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Groton, Connecticut, and is qualified to do business in the State of Connecticut.

b. The Defendant, GENERAL DYNAMICS CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Falls Church, Virginia and is qualified to do business in the State of Connecticut.

**V**

**RELEVANT FACTS**

10. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

11. The Plaintiff's Decedent, Carl Gay, served his country in the US Navy as an Engineman from 1946 to 1958, during which time he received training on nuclear submarines and performed maintenance work on submarines and other vessels. Plaintiff alleges that during this time period, Carl Gay visited the General Dynamics/Electric Boat shipyard in Groton, Connecticut to observe the construction of the USS Seawolf, and to receive welding training. Plaintiff alleges that during those visits, the decedent Carl Gay was exposed to asbestos-containing products that were supplied to the workplace by the defendants, and that were used by employees of the defendants in a manner which exposed Carl Gay to respirable asbestos fibers.

During his time in the Navy, Carl Gay served as a crewman aboard various submarines, including the USS Seawolf and it is alleged that during his Naval service, he was exposed to asbestos-containing materials and equipment that had previously been installed, and/or specified for use aboard the various submarines by the defendants.

12. Plaintiff's Decedent, Carl E. Gay suffered from mesothelioma.

13. The Plaintiff's Decedent's mesothelioma was diagnosed on June 6, 2019. Plaintiff's Decedent was unaware of and could not discover the nature and cause of said mesothelioma before June 6, 2019.

14. Plaintiff's Decedent, Carl E. Gay died from mesothelioma on April 12, 2020.

15. Allisa D. Gay, Executrix of the Estate of Carl E. Gay, is the proper party to continue the original action brought by Plaintiff as permitted under Fed.R.Civ.P. 25(a)(1).

16. Allisa D. Gay continues this action for all damages recoverable as a result of the injuries of Carl E. Gay as stated in the original Complaint.

17. Plaintiff's Decedent, Carl E. Gay, died as a result of the injuries averred in the original Complaint, and Plaintiff, on behalf of the persons entitled by law to recover damages, is therefore seeking damages for wrongful death in addition to damages for injuries sustained during the decedent's lifetime. No damages are claimed in this wrongful death action for which any recovery was obtained by Plaintiff's Decedent, Carl E. Gay, during his lifetime.

18. This action includes a claim for wrongful death, because the decedent died as a direct and proximate result of exposure to asbestos caused by the wrongful acts and omissions and defective products of the Defendants herein. The decedent at the time of death had beneficiaries as defined by the Connecticut Statute, Survival of Cause of Action, Conn. Gen. Stat. § 52-599.

19. Plaintiff brings an action in wrongful death on behalf of the persons entitled by law to recover damages by reason of the death of the decedent: the pain and suffering the decedent underwent prior to his death, loss of earning power, the medical expenses, funeral expenses and the loss of services and society of the decedent, and such other items of recovery as may be due under the Connecticut Statute, Actions for Injuries Resulting in Death, Conn. Gen. Stat. § 52-555.

20. Allisa D. Gay, Executrix of the Estate of Carl E. Gay, brings this action in wrongful death on behalf of the following persons entitled by law to recover damages:

Louise Gay (wife)

Allisa D. Gay (daughter)

David E. Gay (son)

Kirsten Gay (daughter)

Glynnis Gay (daughter)

Michael K. Gay (son)

Sandra G. Gay (daughter).

**VI**

**CAUSES OF ACTION**

**COUNT 1**

**STRICT LIABILITY UNDER THE PRODUCT LIABILITY ACT, Conn. Gen. Stat. §§ 52-572m *et seq.***

21. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

22. The Defendant corporations or their predecessors in interest, at all times relevant, engaged in one or more of the following activities involving asbestos and/or silica and other

ingredients in their materials: the mining, milling, manufacturing, distributing, supplying, selling and/or using and/or recommending, and/or installing and/or removing asbestos materials and other dangerous ingredients and products.

23. At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said Defendants.

24. As a direct and proximate result of the inhalation of the fibers and dusts contained in the products of Defendants, and/or their predecessors-in-interest, Plaintiff's Decedent contracted the diseases set forth herein.

25. The condition of Plaintiff's Decedent was a direct and proximate result of the Defendants' manufacture, and/or production, and/or distribution, and/or supply and/or sale of products containing asbestos and other dangerous ingredients which were inherently, excessively, and ultra-hazardously dangerous to Plaintiff's Decedent and/or lacked elements necessary to make them safe for their intended uses.

26. Plaintiff's Decedent's disease as set forth herein with associated complications was directly and proximately caused by the acts of the Defendants acting through their agents, servants and employees and the Defendants are liable therefore, jointly and severally, to the Plaintiff for their breach of duty imposed by Section 402A of the Restatement (Second) of Torts.

27. Plaintiff alleges that their Decedent was exposed to hazardous substances known to cause disease and that each exposure caused or contributed to Plaintiff's Decedent's injuries and death. Therefore, the doctrine of joint and several liability should be extended to apply to each Defendant herein.

28. For Plaintiff's and Plaintiff's Decedent's injuries sustained as a direct and proximate result of exposure to the Defendants' defective products as aforesaid, the Plaintiff demands the following relief:

a. Compensation for great pain, suffering and inconvenience;

b. Compensation for Plaintiff's Decedent, Carl E. Gay's limitation and preclusion from performing normal activities;

c. Compensation for great emotional distress;

d. Compensation for Plaintiff's Decedent, Carl E. Gay's loss of his general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical attention, medical appliances and household care;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

WHEREFORE, Plaintiff and Plaintiff's Decedent, have been damaged and claim damages of the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

**COUNT 2**

**NEGLIGENCE UNDER THE PRODUCT LIABILITY ACT,**
**Conn. Gen. Stat. §§ 52-572m *et seq.***

29. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

30. The disease and ultimate death of Plaintiff's Decedent is a direct and proximate result of the negligence of the Defendants, both jointly and severally, in that they produced, supplied, and/or sold, and/or used, and/or specified and/or removed products containing asbestos and other dangerous ingredients including silica, which products Defendants knew, or in the

exercise of reasonable care, should have known, were inherently, excessively, and ultra-hazardously dangerous to Plaintiff.

31. The Defendants mined and/or milled and/or manufactured and/or fabricated and/or supplied and/or sold products which they knew were defective and/or unreasonably dangerous to the user or consumer, such as Plaintiff's Decedent, and acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., Plaintiff's Decedent.

32. Defendants, individually, together and/or as a group, have possessed medical and scientific data which indicated that asbestos-containing insulation and other materials were hazardous to health. Prompted by pecuniary motives, the Defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data. As a direct and proximate result of the aforesaid actions, Plaintiff's Decedent was exposed as alleged and contracted the diseases set forth herein.

33. As a direct and proximate result of the actions of the Defendants as aforesaid, and inhalation of asbestos fibers from Defendant's products, the Plaintiff's Decedent has suffered

severe and serious injuries. He suffered from mesothelioma, an asbestos-related disease, severe pain, and discomfort and ultimately died from this disease.

34. As a direct and proximate result of the recklessness, carelessness and negligence of the Defendants, as aforesaid and the injuries sustained, the Plaintiff demands the following relief:

a. Compensation for great pain, suffering and inconvenience;

b. Compensation for Plaintiff's Decedent, Carl E. Gay's limitation and preclusion from performing normal activities;

c. Compensation for great emotional distress;

d. Compensation for Plaintiff's Decedent, Carl E. Gay's loss of his general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical attention, medical appliances and household care;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

WHEREFORE, Plaintiff and Plaintiff's Decedent, have been damaged and claim damages of the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

**COUNT 3**

**ACTIONS FOR INJURIES RESULTING IN DEATH UNDER THE PRODUCT LIABILITY ACT, Conn. Gen. Stat. §§ 52-572m *et seq*.**

35. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

36. Plaintiff, Allisa D. Gay proceeds in her capacity as Executrix seeking redress for harm caused by the Defendants. Allisa D. Gay brings suit for Carl E. Gay's wrongful death under the Connecticut Statute, Actions for Injuries Resulting in Death, Conn. Gen. Stat. § 52-555. Allisa D. Gay is a proper beneficiary under that law, and her injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Statute.

37. As a direct and proximate result of the actions of the Defendants as aforesaid, and inhalation of asbestos fibers from Defendant's products, the Plaintiff's Decedent has suffered

severe and serious injuries. He suffered from mesothelioma, an asbestos-related disease, severe pain, and discomfort and ultimately died from this disease.

38. As a direct and proximate result of the recklessness, carelessness and negligence of the Defendants, as aforesaid and the injuries sustained, the Plaintiff demands the following relief:

a. Compensation for great pain, suffering and inconvenience;

b. Compensation for Plaintiff's Decedent, Carl E. Gay's limitation and preclusion from performing normal activities;

c. Compensation for great emotional distress;

d. Compensation for Plaintiff's Decedent, Carl E. Gay's loss of his general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical attention, medical appliances and household care;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

WHEREFORE, Plaintiff and Plaintiff's Decedent, have been damaged and claim damages of the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

**COUNT 4**

**SURVIVAL OF ACTIONS**

39. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

40. Allisa D. Gay also brings a claim against Defendants for the injuries inflicted upon Carl E. Gay under the Connecticut Statute, Survival of Cause of Action, Conn. Gen. Stat.

§ 52-599. She is the proper representative of the estate. Allisa D. Gay seeks damages for the pain and mental anguish suffered by Mr. Gay, prior to his death, the medical and other expenses he incurred, as a result of his illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Plaintiff seeks punitive damages.

41. As a direct and proximate result of the actions of the Defendants as aforesaid, and inhalation of asbestos fibers from Defendant's products, the Plaintiff's Decedent has suffered severe and serious injuries. He suffered from mesothelioma, an asbestos-related disease, severe pain, and discomfort and ultimately died from this disease.

42. As a direct and proximate result of the recklessness, carelessness and negligence of the Defendants, as aforesaid and the injuries sustained, the Plaintiff demands the following relief:

a. Compensation for great pain, suffering and inconvenience;

b. Compensation for Plaintiff's Decedent, Carl E. Gay's limitation and preclusion from performing normal activities;

c. Compensation for great emotional distress;

d. Compensation for Plaintiff's Decedent, Carl E. Gay's loss of his general health, strength and vitality;

e. Compensation for medicine, medical care, nursing, hospital and surgical attention, medical appliances and household care;

f. Punitive and exemplary damages;

g. Any further relief found just and appropriate by the Court.

WHEREFORE, Plaintiff and Plaintiff's Decedent, have been damaged and claim damages of the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

Dated: June 1, 2021

Respectfully submitted,

**MOTLEY RICE LLC**

By: */s/ Mathew P. Jasinski*
Mathew P. Jasinski (ct27520)
mjasinski@motleyrice.com
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 218-2725 (phone)
(860) 882-1682 (facsimile)

**GOLDBERG, PERSKY & WHITE, P.C.**

By: */s/ Charles J. McLeigh*
Charles J. McLeigh*
PA ID No. 69000
cmcleigh@gpwlaw.com

11 Stanwix Street, Suite 1800
Pittsburgh, Pennsylvania 15222
(412) 471-3980 (phone)
(412) 471-8308 (facsimile)

* *Motion for permission to appear as visiting attorney to be filed*

*Counsel for Plaintiff*